IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ARIEN SHERMAN,<br><br>Defendant/Petitioner. | Cr. No. 16-00169 JMS<br>Civ. No. 17-00496 JMS-RLP<br><br>ORDER: (1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255, DOC. NO. 46; AND (2) DENYING CERTIFICATE OF APPEALABILITY |

**ORDER: (1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255, DOC. NO. 46; AND (2) DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

On May 31, 2016, Defendant/Petitioner Arien Sherman ("Sherman") pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) pursuant to a plea agreement. ECF Nos. 17, 19. On September 15, 2016, the court sentenced Sherman to a term of 54 months imprisonment, ten years of supervised release, restitution of $10,000, a fine of $5,000, and a special assessment of $100. ECF No. 31. Judgment entered on September 22, 2016. ECF No. 32.

Currently before the court is Sherman's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody

("§ 2255 Motion").[1]  ECF No. 46.  Although quite lengthy, at its core the § 2255 Motion claims that this court lacked jurisdiction over Sherman's case because the record lacks evidence "to prove beyond a reasonable doubt that every location relevant to the Federal Criminal Case is in Federal Enclaves which comprise the Federal Judicial District."  § 2255 Motion at 3.  For the reasons discussed below, the § 2255 Motion is DENIED.  Further, the court DENIES a certificate of appealabilility.

## II.  STANDARD OF REVIEW

The court's review of Sherman's § 2255 Motion is governed by 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  R. 4(b), Rules Governing Section 2255 Proceedings.  A court need not hold an evidentiary hearing if the allegations are "palpably

---

[1] Sherman also filed six other related documents, including various notices, a motion for a speedy hearing, and a Writ of Praecipe.  *See* ECF Nos. 47-52.  Because the court denies the § 2255 Motion, all related motions are deemed moot.

incredible [or] patently frivolous," *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal quotation marks and citation omitted), or if the issues can be conclusively decided on the basis of the evidence in the record. *See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must "allege specific facts which, if true, would entitle him to relief." *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (internal quotation marks and citation omitted).

Because the court concludes that the § 2255 Motion can conclusively be decided on the basis of the existing record, the court will not hold an evidentiary hearing.

//

//

//

//

//

//

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Sherman argues that the court lacks subject matter jurisdiction over his case "without evidence in the Record of the Court to prove beyond a reasonable doubt that every location relevant to the Federal Criminal Case is in Federal Enclaves which comprise the Federal Judicial District." § 2255 Motion at 3. [2] He is simply mistaken.[3]

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), which contains an interstate or foreign commerce element, is such an offense against the laws of the United States.

And the Ninth Circuit recently made clear that § 2252(a)(4)(B) is constitutional:

---

[2] As part of his plea agreement, Sherman waived his right to appeal or collaterally attack the conviction and sentence except for a claim of ineffective assistance of counsel or if the court departs upward from the applicable sentencing guideline range. Memorandum of Plea Agreement ¶ 13, ECF No. 19. Regardless, the court reaches the merits of Sherman's claims.

[3] Sherman makes several other nonsensical arguments and requests which this Order need not address. For example, he asks that the court issue an order "to recall, rescind, terminate and vacate all Brown Brothers Harriman Trust Company of Delaware a/k/a Brown Brothers Harriman and Company Surely Bonds issued with regard to the instant case in the name of Defendant" and the location of the residences of this court, the Assistant United States Attorney, and the grand jurors. § 2255 Motion at 5, 13.

> We next address Sullivan's argument that Congress lacks the authority to regulate purely intrastate production and possession of a single video, and therefore neither § 2251(a) nor § 2252(a)(4)(B) can constitutionally be applied to him. We have previously rejected this argument, concluding that Congress could rationally "conclude that homegrown child pornography affects interstate commerce," and therefore Congress may regulate even purely intrastate production of child pornography, *see United States v. McCalla*, 545 F.3d 750, 755–56 (9th Cir.2008), and criminalize its intrastate possession, *United States v. Gallenardo*, 579 F.3d 1076, 1081 (9th Cir.2009).

*United States v. Sullivan*, 797 F.3d 623, 631–32 (9th Cir. 2015).

And to the extent that Sherman argues that 40 U.S.C. § 3112[4] limits the court's jurisdiction in all criminal cases to those arising within the special maritime or territorial jurisdiction of the United States, he is again mistaken. *See, e.g.*, *Holmes v. United States*, 2014 WL 6879061 at *1 -2 (S.D.N.Y. Dec. 5, 2014); *United States v. Youngs*, 2015 WL 13307025, at *4 (W.D.N.Y. Oct. 23, 2015); *Thomas v. United States*, 2013 WL 4855067, at *2 (M.D. Fla. Sept. 11, 2013); *see also United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992). As stated by the Seventh Circuit in response to the same jurisdictional challenge to the federal bank robbery statute, the "challenge to the federal territorial jurisdiction of the district court is frivolous and requires no further discussion." *United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001).

The § 2255 Motion is DENIED.

---

[4] Section 3112 establishes laws for acquiring exclusive federal jurisdiction over land it acquires from the states.

5

## B. Certificate of Appealability

In dismissing the § 2255 Motion, the court must also address whether Sherman should be granted a certificate of appealability ("COA"). *See* R. 11 Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id.* (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity but something less than a merits determination." Id. (citation and internal quotation marks omitted). Based on the above analysis, the court finds that reasonable jurists could not find the court's rulings debatable.

Accordingly, a COA is DENIED.

## IV. **CONCLUSION**

For the foregoing reasons, the court DENIES Sherman's § 2255 Motion and DENIES a certificate of appealability. The Clerk of Court is directed to close the case files.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 12, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sherman,* Cr. No. 16-00169 JMS, Civ. No. 17-00496 JMS-RLP; Order:
(1) Denying Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255, Doc. No. 46; and (2) Denying Certificate Of Appealability